## TOWN OF DANBURY
*vs.*
## DANBURY AIRPORT CORPORATION

Superior Court          Fairfield County          File No. 62209

MEMORANDUM FILED APRIL 15, 1941.

*Lazarus S. Heyman,* of Danbury, for the Plaintiff.
*Willis, Foster & Lister,* of Bridgeport, for the Defendant.

INGLIS, J. This is a motion made under section' 1310e of the 1939 Supplement to the General Statutes. Under that section, there are three questions, and only three, to be decided. They are: first, whether condemnation proceedings brought under sections 5070 and 5072 of the General Statutes, Revision of 1930, are pending; second, whether public interest will be prejudiced by delay in getting possession of the property involved in the proceedings; and, third, how much cash should be posted in order to adequately protect the interest of the owner of the property.

As regards the first question, it appears that the Town of Danbury has instituted proceedings under section 5072 of the General Statutes, Revision of 1930, to condemn the leasehold interest of the respondent in certain real estate for the purposes of an airport. The authority to establish airports is granted to municipalities by section 3092' of the General Statutes, Revision of 1930. This section provides that, if necessary, condemnation proceedings may be had "in the manner prescribed in section 5072." Section 5070 of the General Statutes, Revision of 1930, also, provides that "any municipal corporation having the right to purchase real estate for its municipal purposes" may, if necessary, proceed under section 5072 to condemn such real estate. The establishment of an airport by a town is clearly one of its municipal purposes. There can be no question, therefore, but that the condemnation proceedings in which this application is made are proceedings brought under sections 5070 and 5072 of the General Statutes, Revision of 1930.

On the question as to whether public interest will be prejudiced by delay, it appears that the proposed airport is designed to be a part of the system of national defense, is an emergency project, and is to be financed by Federal appropriations, a portion of which are to be from emergency defense funds. It also appears that its construction will furnish employment for upwards of 250 men through W.P.A., and that employment conditions in Danbury are such that it is highly desirable that these jobs be made available at this time. At least a substantial portion of the Federal funds are so appropriated that they will not be available unless contracts for the doing of the work are let very soon, and such contracts cannot be let

definitely until the town has obtained possession of the land. It is therefore concluded that public interest will be prejudiced by delay.

As to the amount which the town should be required to post, it appears that the interest sought to be condemned is a leasehold interest under a lease dated June 24, 1929, which leased the land in question to the respondent for a term of 20 years with the privilege of 20 years more. The respondent has invested in fixed assets on the property a total of about $22,000, and that investment less depreciation now amounts to about $17,000. In the operation of the property the respondent has suffered a loss in every year, and has accumulated a deficit over the ten and one-half years of operation totaling nearly $7,500. At the present time, however, its hangar is rented to capacity, and some profits may reasonably be anticipated in the future. On the whole, in view of the fact that, under the statute, the amount of final award is not to be limited to the amount deposited in the present proceeding, nor is necessarily to be as much as that amount, it would seem that the posting of $25,000 would be adequate for the protection of the respondent.

An order may enter finding that public interest will be prejudiced by delay in obtaining possession of the premises described in the complaint, and directing that the Town of Danbury be permitted to enter upon the real property to be taken and devote it temporarily to the public use specified in the petition, upon the deposit with the clerk of the court of a certified check in the amount of $25,000, payable to the order of such clerk, and fund to be held by such clerk and applied in accordance with section 1310e of the 1939 Supplement to the General Statutes.